**No. 57819.**—Gordon Arthur Smith, Inc. *v.* United States, petition 6834–R (Omaha).

FORD, Judge: The petition listed above was filed under the provisions of section 489 of the Tariff Act of 1930 and prays for the remission of additional duties incurred by reason of undervaluation on entry of certain merchandise entered at the port of Omaha, Nebr.

The involved merchandise consists of watches and straps. According to the record, it appears that the total appraised values for the watch movements, watchcases, and the watch bands did not exceed the total entered values. The undervaluation appears to have been occasioned by the manner in which the appraiser allocated the total value among the watch movements, the watchcases, and the watch straps, this being done in such a manner as to increase the value of the watchcases and the watch straps, and reduce the value of the watch movements.

The record shows that petitioner herein had been in the watch business for over 30 years, was thoroughly familiar with the value of watch movements, watchcases, and watch straps, as well as with all phases in connection with the importation and sale of the same; that petitioner during this period has been buying and selling complete watches, watchcases, watch straps, and watch movements. Petitioner testified that:

\* \* \* I bought these not from one source but many sources so therefore had a general knowledge of the prices from day to day and the costs and resale values. As wholesalers we bought watch movements from Elgin, Waltham, and Swiss firms. We bought watch cases from Keystone, Star, Wadsworth, and Swiss firms. We bought watch straps from many American and Swiss firms. And, in many cases, we bought complete watches from the leading American and good Swiss firms having integrity and business ethics. Therefore, I feel that I was in a position to judge myself as an expert because I attended to all these details myself and did not give the chores to anyone else to do, \* \* \*.

\* \* \* \* \* \* \*

When making any entries I based my judgment on my experience and knowledge of the market conditions that varied from day to day and did not hold to a specific pattern. Some days the market was strong and other days it was weak. When estimating the value of a case, strap or movement I based my estimate on my knowledge, the prices laid down by OPA and by my competitors. Never did I just pick a price out of the blue sky. In every case I had something to back up my values as entered either by the invoice separations or by my own experience.

\* \* \* \* \* \* \*

\* \* \* I asked the firms, when making a purchase, to invoice the shipments according to the rules as set down by the United States Customs. I had to accept their values as to the going prices the day of export and based my entries on the day of import. Where they did not break down a shipment, I did, feeling I was better qualified. They would never disclose prices they paid anymore than any seller would. \* \* \* Whenever I dealt with a supplier I had already obtained some information of his standing in his community through the American Consul, U. S. Embassy. I did not deal with fly-by-nighters but regular type sources in the export and import watch business. \* \* \* After the question came up on the last eleven entries I did try and get certain information but because the war had ended and they could see no further business dealings they did not care to take any time to accommodate me and avoided answering any letters lest they become involved.

Petitioner further testified that in making the entries here involved he knew of no fact or circumstance which would cause him to question the correctness of the values allocated to the movements, cases, and straps; that, before making the entries here involved, he fully discussed the entries and went over the estimated values with the collector and appraiser; that he informed the appraiser as to all the facts and circumstances in connection with the problem of separating the values of the cases, straps, and movements, and that:

I not only advised him of all the circumstances in connection with the problem of separating the said values but I tried to show him that someone in the Customs Information Exchange had insufficient knowledge of the present situation. * * * I argued all the facts, set up proof, showed ads, furnished about 100 complete sample watches.

At the conclusion of the hearing at Chicago, counsel for respondent made the following statement:

It is my personal opinion from discussions had with Mr. Norman [customs agent] and from a careful review of all the papers in the case that Mr. Smith's petition is a good petition and reveals no intent to defraud and reveals a full and complete effort to ascertain the proper values.

The evidence in this case establishes completely and satisfactorily that peti tioner in making entry of the merchandise herein was without any intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted. Judgment will be rendered accordingly.

(Note: The following petition was tried before and determined by a special Second Division consisting of Ford and Oliver, Judges.)